# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## December, 1874.

---

## J. FRANK PHILLIPS, Appellant, v. HENRY W. WHEELER AND OTHERS, Respondents.

*Judgment against partnership — opening of, as to one partner — effect of — Code, § 401, sub. 4 — Rule 97.*

Where a judgment, recovered by default against several defendants as partners, is opened by one only, and set aside and the complaint dismissed as to him, money collected under an execution issued on such judgment by sale of partnership property, should not be paid to the plaintiff in such action; and a subsequent attaching creditor of the partnership is entitled to receive it.

The Code, section 401, subdivision 4, providing that motions upon notice must be made within the district within which the action is triable, etc., does not apply to a case where one motion is necessarily made and entitled in several actions pending in different counties and judicial districts. The practice in such cases must be determined under Rule 97.

APPEAL from an order directing the payment of certain money, held by the sheriff of Dutchess county, to the owners of a judgment and execution in favor of Charles Cornwell.

Fourteen different cases were decided on this appeal.

The facts are stated in the opinion.

*E. J. Sherman*, for the appellant.

*Anthony & Losey*, for the respondents.

TAPPEN, J.:

The sheriff of Dutchess made a motion at the Dutchess Special Term, upon notice to all the judgment or attachment creditors in these actions, for directions by the court, as to the disposition of moneys in his hands, arising from the sale of the partnership property of the judgment debtors.

The plaintiff Phillips obtained a judgment by default against all three defendants as partners, and filed transcript, and issued execution to the sheriff of Dutchess; pending which, the defendant Wheeler, by order of the court, had the judgment set aside as to him, and was allowed to come in and defend on the merits. Judgment was subsequently rendered at the trial in his favor, the referee finding "that the defendants were partners; that the sums of money alleged by the plaintiff to have been loaned to the defendants, were not so loaned; and that the defendants were not indebted to the plaintiffs." The defendant Wheeler, being the only party defending, took judgment against the plaintiff, dismissing the complaint, and for costs; and the judgment stands unreversed. The plaintiff asks to have the money in the sheriff's hands applied to the execution which he issued on the judgment before it was opened by the defendant Wheeler, upon the ground that it was not opened as to the other defendants, although it was upon a claim against all the defendants as partners. The plaintiff's priority is contested by Charles Cornwell, a creditor who is next in order of time, by reason of an attachment, which the sheriff of Dutchess received and levied on the partnership property. The sum of money in the sheriff's hands is about $1,700, and either of these claims will more than exhaust the fund; and the claims of the twelve subsequent execution creditors do not need to be considered at present. The plaintiff's judgment stands impeached by the decision against him on a trial of the action on its merits. The fact that the other two defendants did not seek to defend, and that, on a trial demanded by the remaining partner (the defendant Wheeler), the plaintiff was defeated on the merits, shows collusion, and goes to the right to demand the money now in dispute. The judgment obtained by the attaching creditor Cornwell, is next in order, and is now entitled to be first paid.

The plaintiff Phillips objects, that the sheriff could not make

the motion in Dutchess, for the reason that the plaintiff's judgment was recovered in New York, and the Cornwell judgment in Greene.

The Code * provides, that " motions upon notice must be made within the district in which the action is triable, or in a county adjoining that in which it is triable * * * and no motion upon notice can be made in the first judicial district in an action triable elsewhere." A literal construction of this language, would leave the sheriff without any place to make the motion. It is conceded on the part of the sheriff, that neither of these actions is in the second judicial district, nor in a county adjoining the county of Dutchess. But the sheriff could not be heard, if he did not bring all the claimants to the fund before the court. The plaintiff Cornwell, whose action was triable in Greene, could object to any motion in the first district; and the plaintiff Phillips, whose action was triable in New York, could object as well to a motion in Greene as he did to a motion in Dutchess, if the construction claimed by the plaintiff Phillips for this section, is held to govern this proceeding. Such a rule would leave the public officer without remedy in cases where the conflicting parties, who claim the fund in hand, have their judgments in several counties, not being in the same judicial district, and not being adjoining counties; in such cases this provision of the Code cannot be held applicable. The proceeding is one not embraced in that section, but Rule 97, applying to cases not regulated by statute, must apply. In other words, where one motion is necessarily made and entitled in several actions, pending in different counties and judicial districts, the practice under section 401 of the Code does not apply, from the very circumstances of the case.

On the question of jurisdiction, and on the merits, the order of the Special Term should be affirmed, with costs.

Present — Tappen and Talcott, JJ.

Order affirmed, with costs.

* Section 401, subdivision 4.